UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **RICKY THOMPSON** | **CIVIL ACTION NO. 3:10-cv-0710** |
| **VS.** | **SECTION P** |
| | **JUDGE ROBERT G. JAMES** |
| **CITY OF MONROE** | **MAGISTRATE JUDGE KAREN L. HAYES** |

REPORT AND RECOMMENDATION

*Pro se* plaintiff Ricky Thompson, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on April 27, 2010. Plaintiff complained that Monroe City Court Judge Larry Jefferson, an employee of the City of Monroe, violated Louisiana law when he accepted plaintiff's guilty pleas to various misdemeanor offenses and thereafter imposed a constitutionally excessive sentence. Plaintiff also faulted Monroe City Prosecutor Anselm Nkwokori for failing to protect plaintiff from this unlawful deprivation of his liberty. In an amended complaint, plaintiff requested damages arising from a subsequent shoplifting conviction in the City Court of Monroe; plaintiff also alleged that either convictions obtained, or charges pending, in the Fourth Judicial District Court are unlawful and he prayed for damages and for *habeas corpus* relief.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the complaint, insofar as it seeks damages against the City of Monroe – or any other defendant –  be **DISMISSED WITH PREJUDICE** as frivolous, for failing to state a claim for which relief may be granted, or, because the complaint seeks damages from defendants who are immune from suit. Further, to the extent that plaintiff seeks *habeas corpus*

relief, his claim must be **DISMISSED WITH PREJUDICE** for failing to state a claim for which relief may be granted.

*Background*

On July 6, 2009, plaintiff was charged in three bills of information with Simple Battery, Trespassing, Simple Battery on an Officer, and Simple Assault on an Officer. On that same day plaintiff pled guilty to Simple Battery, Simple Battery of an Officer and Trespassing; he was sentenced to serve consecutive six month sentences. Plaintiff asked Judge Jefferson to suspend the execution of the sentences because he did not want to lose his job. Judge Jefferson deferred imposition or execution of the sentences and directed plaintiff to return to court on July 9, 2009 with proof of employment.

Plaintiff returned to court on July 9 without any proof of employment. He was arrested on an unrelated trespass charge, and the previously suspended or deferred sentences were imposed. Plaintiff's oral motion to withdraw his guilty plea was denied. However, plaintiff gave oral notice of his intent to appeal the denial of his motion and in due course he appealed to the Fourth Judicial District Court.[1]

On April 5, 2010 Judge Robert C. Johnson vacated the convictions and sentences. Judge Johnson ruled that the trial court erred in refusing to allow plaintiff to withdraw his guilty pleas

---

[1] La. R.S.13:1896(B) provides, "Review or appeal of a judgment in any criminal case tried under a state statute in city, parish or municipal courts shall be provided in Article 912.1 of the Louisiana Code of Criminal Procedure. Review of a judgment in any other criminal case tried in a city, parish or municipal court shall be by appeal to the district court of the parish in which the court of original jurisdiction is located, except in those cases which are appealable to the Supreme Court under the provisions of the Constitution. These appeals shall be on the law alone." Apparently, plaintiff was convicted of violating city ordinances and therefore he was entitled to seek review or appeal of the convictions in the District Court.

having found that Judge Jefferson failed to engage in the proper colloquy[2] with plaintiff prior to accepting his plea; Judge Johnson also found that Judge Jefferson failed to inform plaintiff of the minimum and maximum penalties, and finally, he found that the Judge imposed an illegally excessive sentence since the maximum sentence for violating a city ordinance was 30 days and not six months.

On July 27, 2010 [Doc. #6] and again on August 11, 2010 [Doc. #8], plaintiff filed an amended complaint. Therein he advised that he is incarcerated at the Richwood Corrections Center (RCC) in Monroe where he is serving a six month sentence imposed by the Monroe City Court on June 29, 2010, following his conviction for theft by shoplifting. Plaintiff's amended complaint is difficult to decipher,[3] but it also appears that he was charged with theft of property in the Fourth

---

[2] Judge Johnson cited La. C.Cr.P. art. 556 which provides: "In a misdemeanor case in which the court determines that a sentence of imprisonment will actually be imposed or in which the conviction can be used to enhance the grade or statutory penalty for a subsequent offense, the court shall not accept a plea of guilty or nolo contendere without first addressing the defendant personally in open court and informing him of, and determining that he understands, all of the following:

(1) The nature of the charge to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law.

(2) If the defendant is not represented by an attorney, that he has the right to be represented by an attorney at every stage of the proceeding against him and, if financially unable to employ counsel, one will be appointed to represent him.

(3) That he has the right to have a trial, and if the maximum penalty provided for the offense exceeds imprisonment for six months or a fine of one thousand dollars, a right to trial by a jury or by the court, at his option.

(4) At that trial he has the right to confront and cross-examine witnesses against him and the right not to be compelled to incriminate himself.

(5) That if he pleads guilty or nolo contendere there will not be a further trial of any kind, so that by pleading guilty or nolo contendere he waives the right to a trial."

[3] Plaintiff alleged, "... I now have a six month detention derived from a wrongful conviction gathered after the City of Monroe Court heard Case #1-10-010501 on 6/29/10, Monroe La v. Me for theft by shoplifting. One by one each witness got on the stand and admitted that they only were making allegations and each stated clearly for the record that both they had no proof/evidence to support their allegations nor a photo of their suspect and that I had property a 150.00 bottle of premium gin taken from me at an away location by a police officer employed by Monroe,

Judicial District Court on June 16, 2010, and those charges remain pending. It also appears that simple battery, theft, and trespassing charges are either pending, or, plaintiff has been convicted of these charges and is serving time. In any event, plaintiff seeks damages from the City of Monroe for wrongful arrest, for false imprisonment, and deprivation of property without due process claiming that he is not guilty of these charges. He also seeks *habeas corpus* relief. [Doc. #8]

*Law and Analysis*

*1. Plaintiff's Claims*

Read liberally, plaintiff asserts a series of civil rights claims against the defendant City of Monroe. First, in his original complaint, he prayed for compensatory and punitive damages from the City of Monroe based upon Judge Jefferson's violation of La. C.Cr.P. art. 556 which resulted in plaintiff's wrongful conviction and based upon the illegal sentence imposed thereafter by Judge Jefferson. He also faulted the City because the City Prosecutor failed to protect plaintiff from these allegedly unlawful activities.

---

LA that could not be proven not to be in a brown paper bag at time of arrest at a decent hour without resistance and had this bottle delivered to the alligating [sic] witnesses absent Due Process of Law (See City of Monroe Court Record for this case and trial 6/29/10). I even went as far as spelling out deprivation of personal property without due process of law we all did and the City Prosecutor had the case base incident ruled inadmissible as evidence of what was said in court as hearsay (see court record statements and admissions phase with whole content). There the Judge said guilty with all presented stating on the record they could prove nothing other than confirming I was deprived of personal property without due process of law. He was even so bold as to state the 5th Amendment as his close. I fear death I seek vacancy of the sentence and overturning of the conviction. All stated here is fact per Title 42 U.S.C. §1983 rules all defending employees are employed by Monroe, LA. I have in all suffered 3 of these types of violations. One is here; one of a case in 4th Judicial (theft of a bag of property including a Nintendo os) that I want joined to this bound up to this court for speedy judication. Its file date in Ouachita is 6/16/10; same plaintiff and defendant; same none prisoner address. Styled for federal statute execution. I seek Judge trial I seek all monetary damages sought this section are $250,000 [punitive] and plus $250,000 mental anguish each for wrongful causeless arrest; deprivation of personal property absent due process of law; wrongful conviction and wrongful deprivation of liberty subsequent wrongful conviction. I here state 4 violations in Parish is a full aquital [sic] a battery case with no evidence narrative and the other theft that had 2/3 of its bill dropped the theft itself and trespass yet resisting a none cause detaining required so out of fear of death I accepted un-Boykined [sic] an offer of 2 yrs probation I seek vacancy of this as well no claim existed to resist to and [indecipherable] evidence was to that fact anyway see evidence of the bound up case all are incident reports/docket masters. So I pray for speedy remedy bounding and emergency attention this 22nd Day of July." [Doc. #8, p. 1]

In his amended complaint, he argued that he is entitled to compensatory and punitive damages from the City of Monroe because he was wrongfully arrested by an unnamed officer of the Monroe Police Department and wrongfully convicted and imprisoned by the City Court Judge. He also complained that the City is liable for the unlawful seizure of personal property by the officer and the Court.

Plaintiff also maintained that charges pending or convictions obtained in the Fourth Judicial District Court are false. (As noted above, the status of these charges is unclear and plaintiff has implied fault on the part of unnamed employees of the City of Monroe who he implied were responsible for filing these charges.)

Finally, plaintiff contended that he is entitled to *habeas corpus* relief because he is innocent of these various offenses which have resulted in either his detention or incarceration.

## 2. Screening

Plaintiff was not a prisoner when he filed this suit and applied for and was granted leave to proceed *in forma pauperis*. Federal Courts are required to screen complaints filed *in forma pauperis* and are authorized to dismiss such complaints without service of process or at any time when the Court determines that the complaint is frivolous, fails to state a claim for which relief may be granted, or seeks money damages from a defendant who is immune from suit.

Title 28 U.S.C. §1915(e)(2)(B), which authorizes plaintiff to proceed *in forma pauperis* provides: "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... (B) the action or appeal – (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

The initial review authorized by 28 U.S.C. §1915(e)(2)(B) applies equally to prisoner and non-prisoner *in forma pauperis* cases. *James v. Richardson*, 344 F. App'x 982, (5th Cir.2009) ("Section 1915(e)(2)(B) requires dismissal of frivolous *IFP* actions even if those actions are brought by non-prisoner plaintiffs.") (citing *Newsome v. EEOC*, 301 F.3d 227, 231-33 (5th Cir.2002) (affirming dismissal of non-prisoner claims for frivolity and failure to state a claim under §1915(e)(2)(B)(I) and (ii))).

A claim is frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir.1998). A claim lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist. *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir.1999). It lacks an arguable factual basis only if the facts alleged are "clearly baseless," a category encompassing fanciful, fantastic, and delusional allegations. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992); *Neitzke*, 490 U.S. at 327-28.

### *2. Municipal Liability*

Plaintiff has identified a single defendant – the City of Monroe. In his original complaint he alleged, "An employee of the City of Monroe, Judge Larry Jefferson, acting in his official state did violate a Louisiana State protection statute six times causing me harm in the process..." Elsewhere he alleged that "The City Attorney Anslem Nkweorki failed to equally protect I [sic] the defendant from enduring a deprivation of liberty..." He implied that the City's liability was due to Nkweorki's position as a "... Govt. employee..." who "... knowingly brought a claim consisting of various allegations in which he could not prove by evidence..."

Thus, it appears that plaintiff seeks to visit liability on the City of Monroe based upon the

fault of individuals in the City's employ under the legal theory of *respondeat superior*. As such, he fails to state a claim for which relief may be granted.

Municipal liability under section 1983 requires "a policymaker; an official policy; and a violation of constitutional rights whose moving force is the policy or custom." *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir.2001) (quoting *Monell v. Dep't. of Social Services*, 436 U.S. 658, 694 (1978)). These requirements for municipal liability under section 1983 distinguish the actions of government employees from those of the government itself. *Id.* In other words, Section 1983 does not permit municipal liability on the basis of *respondeat superior*. *Id.* at 578 (quoting *Bd. Of Comm'rs of Bryan County v. Brown*, 520 U.S. 397, 403 (1997)). "Isolated unconstitutional acts by municipal employees will almost never trigger liability" under section 1983. *Id.* at 578 (quoting *Bennett v. City of Slidell*, 728 F.2d 762, 768 n. 3 (5th Cir.1984), *cert. denied*, 472 U.S. 1016 (1985)).

Thus, in order to hold Monroe liable for the acts of its employees plaintiff must show at the outset that these individuals were "policy makers" for the City. However, a local judge acting in his judicial capacity is not considered a local government official whose actions are attributable to the municipality. *Johnson v. Moore*, 958 F.2d 92, 94 (5th Cir. 1992), *Carbalan v. Vaughn*, 760 F.2d 662, 665 (5th Cir. 1985). Further, plaintiff has alleged no facts to suggest that Nwokorie was responsible for any municipal policy. Indeed, since plaintiff has implied that both Jefferson and Nwokorie were acting in their official capacities when the complained of actions occurred, their actions could never constitute the official policy of the City of Monroe. Compare *Krueger v. Reimer*, 66 F.3d 75 (5th Cir. 1995) (*per curiam*).

In other words, to the extent that plaintiff claims fault on the part of the City by way of the doctrine of *respondeat superior*, he fails to state a claim for which relief may be granted.

*3. Immunity*

Plaintiff may suggest that he is entitled to amend his complaint to name Judge Jefferson and Prosecutor Nwokorie as defendants instead of the City of Monroe. Even if such an amendment was permitted, the result would be the same because both Jefferson and Nwokorie are entitled to absolute immunity.

*A. Judicial Immunity*

It is well settled that "[j]udicial officers are entitled to absolute immunity from claims for damages arising out of acts performed in the exercise of their judicial discretion." *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir.1994); see also *Krueger v. Reimer*, 66 F.3d 75, 76-77 (5th Cir.1995) (*per curiam*); *Graves v. Hampton*, 1 F.3d 315, 317 (5th Cir.1993), abrogated on other grounds by *Arvie v. Broussard*, 42 F.3d 249 (5th Cir.1994). "A judge is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors." *Stump v. Sparkman*, 435 U.S. 349, 359, 98 S.Ct. 1099, 1106, 55 L.Ed.2d 331 (1978); *Brandley v. Keeshan*, 64 F.3d 196, 200-201 (5th Cir.1995), *cert. denied*, 516 U.S. 1129 (1996). Judicial immunity is an immunity from suit and not just from the ultimate assessment of damages. *Mireles v. Waco*, 502 U.S. 9, 11, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991). "Although unfairness and injustice to a litigant may result on occasion, 'it is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself.'" *Id.* at 10, 112 S.Ct. 286 (citation omitted). Judicial immunity is a matter of policy and is necessary because a judge "... should not have to fear that unsatisfied litigants may hound him with litigation charging malice or corruption [and] [i]mposing such a burden on judges would

contribute not to principled and fearless decisionmaking but to intimidation." *Pierson v. Ray*, 386 U.S. 547, 554, 87 S.Ct. 1213, 1218, 18 L.Ed.2d 288 (1967). Consequently, judicial immunity cannot be overcome even by allegations of bad faith or malice; such immunity "applies even when the judge is accused of acting maliciously and corruptly." *Id.* at 11, 112 S.Ct. 286 (internal quotation marks and citation omitted). In determining whether a judge is entitled to immunity, "[i]t is the Judge's actions alone, not intent, that we must consider." *Malina v. Gonzales*, 994 F.2d 1121, 1125 (5th Cir.1993).

Judicial immunity can only be defeated by showing that the judge's actions were of a non-judicial nature or that he acted in the complete absence of jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 11-12, 112 S.Ct. 286, 288, 116 L.Ed.2d 9 (1991).

In determining whether the complained of actions were non-judicial in nature, that is to say, whether the judge acted outside the scope of his judicial capacity, the court should consider a variety of factors: (1) whether the precise act complained of is a normal judicial function; (2) whether the acts occurred in the courtroom or appropriate adjunct spaces such as the judge's chambers; (3) whether the controversy centered around a case pending before the court; and (4) whether the acts arose directly out of a visit to the judge in his official capacity. *Malina*, 994 F.2d at 1124 (citation omitted). These factors must be broadly construed in favor of immunity. *Id.*

Courts use the "functional" approach in deciding whether an act is judicial for purposes of immunity. *Cleavinger v. Saxner*, 474 U.S. 193, 201-02, 106 S.Ct. 496, 88 L.Ed.2d 507 (1985). The issue of "immunity analysis rests on the status of the defendant. Absolute immunity flows not from rank or title or 'location within the Government,' but from the nature of the responsibilities of the individual official." *Id.* In deciding whether absolute judicial immunity applies, a court should

consider the nature of the act taken, namely whether it is a function normally performed by a judge, and the expectations of the parties, namely whether they dealt with the judge in his judicial capacity. *Stump v. Sparkman*, 435 U.S. 349, 362, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978).

Here plaintiff faults Judge Jefferson for actions of a purely judicial nature. The acceptance of a guilty plea and the imposition of sentence are normal judicial functions; the action complained of occurred in the courtroom; the controversy centered around a case pending before the court. Judge Jefferson is thus entitled to judicial immunity, and any claim for damages plaintiff might wish to assert against him would be subject to dismissal.

### *B. Prosecutorial Immunity*

Likewise, any claim for monetary damages against Prosecutor Nwokorie would be barred by the doctrine of absolute prosecutorial immunity. A prosecutor is absolutely immune in a civil rights suit for any action taken pursuant to his role as prosecutor in preparing for the initiation of judicial proceedings and in presenting the State's case. See *Kalina v. Fletcher*, 522 U.S. 118, 129, 118 S.Ct. 502, 139 L.Ed.2d 471 (1997); *Imbler v. Pachtman*, 424 U.S. 409, 430-31, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976); *Esteves v. Brock*, 106 F.3d 674, 676 (5th Cir.1997).

Plaintiff faults the prosecutor for actions taken in prosecuting the criminal charges that were filed against him. Therefore, any claim against the city prosecutor would be based on his conduct as the city's advocate and he would accordingly be entitled to absolute prosecutorial immunity. See *Imbler*, 424 U.S. at 430); *Cousin v. Small*, 325 F.3d 627 (5th Cir.2003).

### 4. *Heck v. Humphrey* Considerations

In his amended complaint plaintiff alleged that he was falsely accused and convicted and remains illegally incarcerated as a result of another charge that was lodged against him in the City

Court. He also claims that personal property was wrongfully seized and then used as evidence to convict him.

In *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), the United States Supreme Court determined, "[I]n order to recover damages for allegedly unconstitutional ... imprisonment or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a §1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of *habeas corpus*, 28 U.S.C. § 2254." A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under §1983. *Heck*, 512 U.S. at 487, 114 S.Ct. at 2372. The Supreme Court imposed this requirement on §1983 plaintiffs in order to avoid collateral attacks by plaintiffs on convictions against them that are "still outstanding." *Id.* at 486, 114 S.Ct. at 2371 ("We think the hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments applies to §1983 damages actions that necessarily require the plaintiff to prove the unlawfulness of his conviction or confinement ...")

Plaintiff does not contend, nor does the record suggest, that his recent shoplifting conviction has been reversed, expunged, or declared invalid. Plaintiff contends that he is innocent of the charges he stands convicted of. If the court were to grant him damages under the facts of this case, such ruling would necessarily implicate the validity of the City Court's finding of guilt.

Accordingly, under *Heck*, plaintiff must demonstrate that his recent conviction has been reversed, invalidated, or expunged <u>prior</u> to bringing the instant action. See *Hamilton v. Lyons*, 74 F.3d 99, 103 (5th Cir. 1996). Plaintiff has failed to make such a showing. Consequently, his claim

for monetary damages are "legally frivolous" within the meaning of 28 U.S.C. §1915. *Hamilton*, 74 F.3d at 102-103.

### 5. *Habeas Corpus*

Finally, plaintiff contends that his current incarceration – whether as a result of a conviction or in contemplation of further prosecution – is unlawful and that he is entitled to his immediate release from custody and the dismissal of the various charges. However, such relief is not available in a civil rights action filed pursuant to §1983. See *Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997) ("Generally, § 1983 suits are the proper vehicle to attack unconstitutional conditions of confinement and prison procedures." *See Cook v. Texas Dep't of Criminal Justice Transitional Planning Dep't,* 37 F.3d 166, 168 (5th Cir.1994). A *habeas* petition, on the other hand, is the proper vehicle to seek release from custody. See *Pugh v. Parish of St. Tammany*, 875 F.2d 436, 439 (5th Cir.1989)).

Therefore, plaintiff's amended §1983 complaint, insofar as it seeks his immediate release from custody, must be dismissed for failing to state a claim for which relief can be granted pursuant to 28 U.S.C. §1915(e)(2)(B)(ii).[4]

---

[4] *Pro se* pleadings may be liberally construed; however, the undersigned is reluctant to construe that portion of plaintiff's complaint as a *habeas corpus* proceeding. Plaintiff, of course, may file such a proceeding pursuant to the provisions of 28 U.S.C. §2241 should he attack his incarceration because of pending charges. (A pre-trial detainee's suit challenging incarceration should be brought pursuant to 28 U.S.C. § 2241, "which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him." *Dickerson v. State of Louisiana*, 816 F.2d 220, 224 (5th Cir.), *cert. denied*, 484 U.S. 956 (1987); *Stringer v. Williams*, 161 F.3d 259, 262 (5th Cir. 1998) citing *Ojo v. INS*, 106 F.3d 680, 681 (5th Cir.1997), and *Robinson v. Wade*, 686 F.2d 298, 302-03, 303 n. 8 (5th Cir.1982)).

He may seek *habeas* relief pursuant to 28 U.S.C. §2254 to collaterally attack his convictions.

However, federal law requires state prisoners who attack their confinement in federal court <u>to exhaust available state court remedies prior to filing suit</u>.. With regard to *habeas* petitions filed under 28 U.S.C. §2241 by pre-trial detainees, there is no express statutory requirement that the detainee exhaust state court remedies prior to asserting his claims in federal court. However, the jurisprudence requires detainees seeking such relief pursuant to §2241 to

*Recommendation*

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous, for failing to state a claim for which relief may be granted, and for seeking money damages from defendants who are immune from suit pursuant to the provisions of 28 U.S.C. § 1915(e)(2).

With regard to plaintiff's wrongful arrest, prosecution, and conviction claim raised in his amended complaint, plaintiff may re-assert that claim if and when he can meet the *Heck v. Humphrey* conditions. Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing. **Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, **79 F.3d 1415**

---

first exhaust state court remedies before seeking federal intervention. *Dickerson*, 816 F.2d at 224-225; *Braden v. 30th Judicial Circuit Court of Kentucky,* 410 U.S. 484, 489-90, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973).

On the other hand, Section 2254 specifies that an application may not be granted "... unless it appears that ... the applicant has exhausted the remedies available in the Courts of the State..." 28 U.S.C. §2254(b)(1)(A).

**(5th Cir. 1996).**

In Chambers, Monroe, Louisiana, August 30, 2010.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE